IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JASON COOPER, et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 21-0330-WS-M |
| | ) |
| **CERTAIN UNDERWRITERS AT** | ) |
| **LLOYD'S LONDON, etc., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motion of one defendant ("Underwriters") to dismiss. (Doc. 6). The parties have filed briefs in support of their respective positions, (Docs. 6, 16, 17), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

**BACKGROUND**

According to the complaint, (Doc. 1-2 at 3-8), the plaintiffs are the current owners ("the Coopers") of certain real property ("the Property") and the prior owner of the same property ("Nvest"). The Property was insured by Underwriters under a specific policy ("the Policy") attached as an exhibit. The plaintiffs experienced an insured loss as a result of Hurricane Sally. They notified Underwriters of the loss, filed a claim, complied with all conditions, and submitted an itemization of damages for which the Policy provides indemnity. Underwriters has breached the Policy by not paying the full and correct amount due under the Policy. Underwriters intentionally refused to pay the full amount and did so without any arguable reason. Underwriters knew it had no arguable reason not to pay full benefits or intentionally failed to determine if any arguable reason for refusal existed.

The complaint asserts claims against Underwriters for breach of contract (Count One) and for both normal and abnormal bad faith (Count Three). Underwriters' sole

argument is that the complaint fails to plead these causes of action in accordance with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## DISCUSSION

Underwriters identifies the elements of the plaintiffs' contract claim as: (1) the existence of a valid contract between the parties; (2) the plaintiffs' performance; (3) Underwriters' non-performance; and (4) resulting damages. The complaint alleges all these elements, but Underwriters says the allegations are mere legal conclusions that are not entitled to a presumption of truth and that require additional factual allegations to render their existence plausible. As to the third and fourth elements, Underwriters identifies a number of factual allegations that it says should have been provided: (a) how the Property was damaged; (b) the total amount of damage to the Property; (c) the specific losses covered by the Policy; (b) the specific covered losses that have not been fully indemnified; (e) the amount paid under the Policy; and (f) an explanation why this amount was improper. (Doc. 6 at 5).[1]

Underwriters cites no case that has ever required such detail of a complaint for breach of an insurance policy, and the Court is highly skeptical of Underwriters' *ipse dixit*. Even were the plaintiffs required to provide Underwriters such detail, however, they have done so. The complaint alleges that the plaintiffs submitted to Underwriters an itemization of covered damages, which itemization (over 300 pages worth) Underwriters affirmatively relied upon to establish the amount in controversy when it removed this action. (Doc. 1 at 9-10; Doc. 1-4). This document plainly and in elaborate detail identifies how the Property was damaged, the total amount of damage to the Property, the specific losses (almost to the nail) covered by the Policy, the amount paid under the

---

[1] Because Underwriters does not identify any additional allegations that should have been included in the complaint as to the first two elements, there is nothing for the Court to consider with respect to them.

Policy, and the amount still owing under the Policy for the itemized covered losses, all of which explains why the amount paid was improper. Underwriters urges the Court to ignore this information, (Doc. 17 at 4), but it cannot explain why – legally or practically – a complaint should be dismissed for failing to include information the plaintiff has already provided the defendant, especially when the complaint references the very document transmitting this information.

Underwriters likewise complains of the complaint's pleading of the bad faith claim. (Doc. 6 at 6-7). Again, Underwriters identifies no case dismissing a comparably pleaded claim, and this Court has deemed similar allegations to be adequate. *Austin v. Auto Owners Insurance Co.*, 2012 WL 3101693 at *4-5 (S.D. Ala. 2012).

Count One alleges that the Policy was between Underwriters and "the Plaintiffs." (Doc. 1-2 at 5). The Policy itself, however, identifies the insured as Nvest. (*Id*. at 20). "Exhibits control over conflicting allegations in a pleading …." *Comparelli v. Republica Bolivariana de Venezuela*, 891 F.2d 1311, 1316 n.1 (11th Cir. 2018). Underwriters seeks dismissal of the Coopers' contract and bad faith claims[2] with prejudice on this basis, (Doc. 6 at 5, 7), and the plaintiffs offer no response.

## CONCLUSION

For the reasons set forth above, Underwriters' motion to dismiss is **granted** with respect to the Coopers and **denied** with respect to Nvest. Counts One and Three as to the Coopers are **dismissed with prejudice**.

DONE and ORDERED this 21st day of September, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The first element of a bad faith claim is "an insurance contract between the parties." *Ex parte Alfa Mutual Insurance Co.*, 799 So. 2d 957, 962 (Ala. 2001).